**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JERRY PLATZ, SANDRA PLATZ,**
**ALAN CHAFFIN, and JAMES WAYNE**
**ROWAN**                                                                                          **PLAINTIFFS**

**v.**                                            **CASE NO. 1:09cv00014 BSM**

**TERRY CARTER, BEELMAN**
**TRUCKING CO., AND TRANSPORTATION,**
**INC.**                                                                                                 **DEFENDANTS**

## ORDER

Separate plaintiffs, Jerry Platz ("Platz") and Alan Chaffin ("Chaffin"), move to

compel discovery [Doc. No. 47] and separate defendants, Terry Carter ("Carter") and

Beelman Trucking Co. ("Beelman"), object [Doc. No. 50]. The parties have resolved several

of the issues set forth in the motion to compel and, having conducted a telephone conference

with the parties on April 2, 2010, the motion to compel is granted as to the remaining issues

as follows:

Request for Production No. 2. Platz and Chaffin request "any document prepared by

or for Beelman Trucking, but *not* prepared in anticipation of litigation, that memorializes the

events and circumstances related to the accident at issue in this case." Specifically, Platz and

Chaffin seek notes taken by Steven Bremer at the accident scene. Beelman and Carter object,

arguing that these notes were taken in anticipation of litigation. Defense counsel is directed

to file an affidavit from Wigginton or Bremer specifically indicating whether Bremer went

to the scene of the accident at the direction of Wigginton or in the course of performing his

normal employment responsibilities.  Upon receiving the affidavit, a determination will be made as to this request.

Request for Production No. 5.  Platz and Chaffin request "all e-mails, letters, communications, memoranda or other documents or publications, that you possess, have possessed or know of and have access to, that discuss the wreck that is the subject of the complaint."  This request does not include communication with outside legal counsel. Defense counsel represents that he has no documents responsive to this request, but to the extent that he does, they will be given to plaintiffs' counsel.  The motion to compel production of this request is granted.

Interrogatory No. 6 and Request for Production No. 12.  In Interrogatory No. 6, Platz and Chaffin ask Beelman to "describe all meetings and communications including but not limited to letters, e-mails, phone conversations or text messages, you have had with Terry Carter since the wreck."  In Request for Production No. 12 they request the production of "all documents referenced or utilized in [Beelman's] response to [Interrogatory No. 6]." Specifically, Platz and Chaffin seek documents associated with the termination of Carter. Defense counsel is directed to produce all records documenting the termination of Carter. The motion to compel production of these requests is granted.

Request for Production No. 19.  Platz and Chaffin request "any Driver Record of Duty Status violations committed by Terry Carter while employed by Beelman Trucking." Defense counsel represents that these documents have been produced and that these documents will be re-produced if plaintiffs' counsel, after a diligent search, does not have

these documents.  The motion to compel production of this request is granted.

    <u>Request for Production No. 30</u>.  Platz and Chaffin request "all records of Terry Carter for the seven days prior to the wreck and for the day of the wreck," with specific reference to inspection reports.  Platz and Chaffin maintain that they do not have the driver inspection reports for January 24, 2009 to February 2, 2009.  Defense counsel is directed to produce Carter's driver inspection reports for January 24, 2009 to February 2, 2009.  If defense counsel is unable to locate such reports, he is directed to inform plaintiffs' counsel.  The motion to compel production of this request is granted.

    Accordingly, Platz and Chaffin's motion to compel [Doc. No. 47] is granted. Beelman and Carter have up to and including April 12, 2010 to comply with this order.

    IT IS SO ORDERED this 7th day of April, 2010.


                                             _____
                                          UNITED STATES DISTRICT JUDGE