UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JERRY PLATZ, SANDRA PLATZ,**
**ALAN CHAFFIN, and JAMES WAYNE**
**ROWAN**                                                                                    **PLAINTIFFS**

v.                              CASE NO. 1:09cv00014 BSM

**TERRY CARTER, BEELMAN**
**TRUCKING CO., AND TRANSPORTATION,**
**INC.**                                                                                                  **DEFENDANTS**

**ORDER**

Separate plaintiffs, Jerry Platz ("Platz") and Alan Chaffin ("Chaffin"), moved to compel discovery on January 20, 2010. [Doc. No. 47]. Separate defendants, Terry Carter ("Carter") and Beelman Trucking Co. ("Beelman"), objected [Doc. No. 50], and a hearing on the motion was conducted. The motion to compel was granted on April 7, 2010 [Doc. No. 61], with the exception of the notes taken by Beelman's safety director, Steve Bremer, at the accident scene. Defendants are now compelled to produce those notes.

Plaintiffs move to compel production of notes taken by Bremer at the accident scene and defendants object, asserting that they were prepared in anticipation of litigation and are therefore non-discoverable work product. In support of their objection, defendants submit Bremer's affidavit [Doc. No. 67-1], in which Bremer states that, although he did not go to the accident scene at the direction of legal counsel, he fully anticipated litigation before going to the scene. He states that it is not common practice for him to go to accident scenes and take notes or photos. In this case, however, he felt it necessary to go to the accident

scene because three people were injured and therefore the possibility of litigation was greater than in the normal case. He also contacted legal counsel on his way to the scene with whom he discussed the accident, potential litigation, and investigation.

Bremer's affidavit provides fairly strong support for the objection to producing his notes. Although this is a very close case, this court's general policy is to compel complete discovery unless there is a compelling reason not to compel it. Further,

> [t]he fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an "in house" report as work product. . . . A more or less routine investigation of a possibly resistable [sic] claim is not sufficient to immunize an investigative report developed in the ordinary course of business.

*Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983). Although Bremer states that he anticipated litigation when he prepared his notes and that he spoke to legal counsel on the way to the scene, this is not enough for the notes to be classified as work product. Indeed, trucking company safety managers almost always anticipate litigation when one of their units is involved in an accident, and there seems to be nothing exceptional about this case. Moreover, although Bremer spoke to legal counsel on the way to the scene, nothing indicates that he took action at the scene at the direction of counsel.

For these reasons, defendants are directed to produce Bremer's notes taken at the accident scene.

IT IS SO ORDERED this 16th day of April, 2010.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE